Edward EVANHOE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–225.

Court of Criminal Appeals of Oklahoma.

July 7, 1987.

Rehearing Denied July 31, 1987.

Gerald C. Dennis, Dennis and Branam, Antlers, for appellant.

Michael C. Turpen, Attorney Gen., and Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Edward Evanhoe, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Embezzlement by Trustee, three (3) counts, and was sentenced to six (6) months imprisonment on each count, with count two (2) and count three (3) to run concurrent with count one (1), and he appeals. We affirm.

Since appellant raises a single assignment of error on appeal, we deem it unnecessary to set forth in detail the facts of this case. In his sole assignment of error, appellant contends that the trial court erred in allowing privileged information in the form of testimony and checks, to be introduced in evidence by Elsa Farman, the lawyer previously retained by the appellant, which is a violation of the attorney-client privilege and is the work-product of appellant. Thus, the issue is basically whether an attorney-client relationship existed between appellant and Ms. Farman.

Ms. Farman is both an attorney and a certified public accountant. At an in camera hearing, prior to allowing Ms. Farman to testify, the trial court heard testimony from Ms. Farman and appellant, and the trial court concluded that:

Ms. Farman was employed by appellant as an accountant purely and couldn't—I question—he sought no legal advise. [sic] He had counsel to represent him in this case.... It appears to the court that it was for a classification of various receipts, invoices and/or checks at [sic] to whether or not they could properly be chargeable to a certain construction project and that she was not acting as his attorney in any fashion. (Tr. II, 50).

In *Cooper v. State*, 671 P.2d 1168, 1172 (Okl.Cr.1983), this.Court held that whether

the attorney-client privilege is involved in certain testimony is a question of fact for the trial court, whose findings on conflicting evidence are controlling on appeal. Consequently, we decline to disturb the trial court's ruling.

Additionally, we decline to disturb the trial court's ruling that the interview and conversation of Ms. Farman and the receipts of cancelled checks from the appellant were not work product of the appellant.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.